CLAY, Circuit Judge,
concurring.
While I agree with the result and the reasoning of the majority opinion, I write separately to address two points raised by the dissent. The dissent states that the proponent of a strike does not have to give specific reasons for its challenge to a juror, but merely race-neutral reasons. This is undoubtedly a correct statement of the law. However, the dissent characterizes the lower court as having shifted the burden of persuasion, while in my opinion, the court merely asked defense counsel to provide his reasoning, which is entirely customary in the context of a Batson challenge. Although the dissent is correct that the reason does not need to be entirely “specific,” but only “race-neutral,”[1] defense counsel’s inability to articulate its reasons for the strike was a perfectly valid ground upon which the district court could evaluate the credibility and plausibility of the race-neutral reasons offered. In other words, while the proponent of the strike need not have specific reasons, nothing prevents a trial court from asking for specific reasons in aiding its evaluation of the credibility or plausibility of the proponent’s proffered reason for the strike.
The dissent also seeks to undermine the existence of a prima facie case for racial discrimination. While it concedes that after a district court performs the substantive analysis the existence of a prima fa-cie case is irrelevant, the dissent goes on to criticize the district court for having found evidence of racial discrimination without a true pattern, in part because the Batson challenge was made during the first round of jury selection. But logically, that assumes that for a Batson challenge to be valid, there must be a pattern *340 of racial discrimination. No such requirement exists. While a pattern of strikes against members of a particular racial group might be evidence of impermissible discrimination, a Batson challenge can succeed regardless of whether or not a pattern exists; if the strike was impermis-sibly motivated by the race of the juror, then Batson applies, even in cases where there has only been one strike, and thus no logical possibility of a pattern. United States v. Mahan, 190 F.3d 416, 424-25 (6th Cir.1999); see also Powers v. Ohio, 499 U.S. 400, 409, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (right not be excluded from petit juries on account of one’s race belongs to the juror). While I am sympathetic to the concerns expressed by the dissent and to the argument that the district court should have been more explicit as to why it found evidence of racial bias, our review of this decision is highly deferential. There is nothing in the record that suggests the trial court behaved improperly, and given that deferential review, I agree that the judgment of the district court should be affirmed.